UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 19-20839

JAMAL LAMAR MOCK,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR BOND**

Defendant Jamal Lamar Mock was indicted for felon in possession of a firearm, 18 U.S.C. § 922(g)(1), on December 19, 2019. (ECF No. 11.) On February 19, 2020, Defendant moved to revoke the order of his detention pending trial. (ECF No. 21.) The court denied the motion on March 5, 2020. (ECF No. 24.) Defendant has now filed a Motion to Review Detention Order, docketed as a Motion for Bond. (ECF No. 27.)

Title 18 U.S.C. § 3145(b) allows a defendant who is detained pending trial to move "for revocation or amendment of the order [of detention]" before "the court having original jurisdiction over the offense." Defendant's case is being heard before this court; Magistrate Judge R. Steven Whalen ordered Defendant detained on December 12, 2019. (ECF No. 10, "Order of Detention Pending Trial.")

Title 18 U.S.C. § 3142(e) states that "[a] judicial officer shall order the detention of [a] person before trial" when "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In making this determination, courts consider:

>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including—
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
>(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). A finding of detention must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). "The default position of the law, therefore, is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010).

Although the court reviews orders of detention by a Magistrate Judge *de novo*, Defendant does not contest the factual findings of Magistrate Judge Whalen. *United States v. Johnson*, Case No. 19-20437, 2020 WL 1474397, at *3 (E.D. Mich. Mar. 26, 2020) (Leitman, J.) (citing *United States v. Williams*, 948 F.Supp. 692, 693 (E.D. Mich. 1996) (Gadola, J.)). Those uncontested facts include Defendant's conviction of felony home invasion in 2010. (ECF No. 9, 03:30-05:15, 17:40-21:30 (audio file of Defendant's detention hearing).) Defendant then committed an assault with a knife on a group of individuals. (*Id.*) One of those assaulted was blind, and Defendant was on probation at

the time. (*Id.*) Defendant failed to appear for arraignment and then absconded twice from probation. (*Id.*) Defendant's probation was revoked and he was sentenced to twelve months imprisonment. (*Id.*) After being released from confinement and while again on probation, Defendant pleaded guilty to another felony charge, this time in Pennsylvania for conspiracy to commit robbery. (*Id.*)

Defendant was on parole for his Pennsylvania robbery charge when police attempted to stop Defendant as he was driving in a car in Detroit, Michigan. (ECF No. 1, PageID.3-4, ¶¶ 4-6 (Sworn Affidavit and Criminal Complaint).) Defendant stopped, but ran from the police and (allegedly) dropped a loaded handgun while fleeing. (*Id.*) Defendant was indicted for being a felon in possession of a firearm, a charge now pending before this court. (ECF No. 11.)

As Magistrate Judge Whalen and the court previously determined, there is not a "reasonable assurance" of Defendant's appearance before court and of the public's safety if Defendant is released. 18 U.S.C. § 3142(e). This finding is supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). Defendant has repeatedly shown an inability to abide by rules governing his behavior, whether it be while on probation or parole. He has committed two crimes while on probation and is alleged to have committed a third while on parole. These were serious and potentially violent crimes: felony robbery, assault, and (possibly) felon in possession of a firearm. Defendant has failed to appear at an arraignment, absconded from probation, and fled from authorities in the course of being arrested for his current charge. Considering "the nature and circumstances of the offense charged," a firearm charge, "the history and characteristics" of Defendant, including his "record concerning appearance at court

proceedings" and his active parole status at the time of his arrest here, and his probation status when prior offenses were committed, and finally the "seriousness of the danger to . . . the community" with Defendant's prior criminal behavior, release pending trial is not appropriate.

Defendant argues this calculation must change with the recent developments concerning the spread of the Coronavirus Disease (COVID-19). The court disagrees. Defendant makes a generalized argument that he could potentially catch COVID-19, and may suffer serious complications as a result. However, Defendant is in his early thirties and cites no health conditions, let alone serious conditions predisposing Defendant to complications from COVID-19. The location of Defendant's detainment, Midland County Jail, currently has no reported cases of COVID-19 and is implementing precautionary measures. These include the pre-screening and quarantining of new inmates, the screening of any inmate with COVID-19 symptoms, and extensive disinfection and cleaning regimens. Bearing in mind Defendant's prior behavior, the seriousness of his charge, and the crimes he has committed while on probation, adding the existence of the COVID-19 outbreak does not change the equation sufficiently to justify Defendant's release. Accordingly,

IT IS ORDERED Defendant's "Motion for Bond" (ECF No. 27) is DENIED.

    s/Robert H. Cleland        /
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: April 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner                              /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-20839.MOCK.MotionforBond.RMK.RHC.2.docx